IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GREAT AMERICAN SECURITY INSURANCE COMPANY,<br>　　　Plaintiff,<br><br>v.<br><br>KEYSTONE BANK, SSB<br>　　　Defendant. | §<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 1:23-cv-1461<br>§<br>§<br>§<br>§ |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Great American Security Insurance Company ("Great American") files this Complaint for Declaratory Judgment and would respectfully show the Court as follows:

### I.　PARTIES

1. Plaintiff Great American is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

2. Defendant Keystone Bank, SSB ("Keystone") is a state-chartered bank established under Texas law with its principal place of business at 13715 East Ladera Blvd., Bee Cave, Texas 78738.  This defendant may be served with process by serving its registered agent or, if no registered agent, the president or a branch manager at any office located in Texas.

### II.　JURISDICTION AND VENUE

3. This action involves a dispute between citizens of different states.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because one or more defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## III.   BACKGROUND

A.   **BACKGROUND**

5. This is a liability insurance coverage dispute.

6. On or about March 7, 2023, Keystone terminated one of its employees (the "Former Employee"). On March 8, 2023, after the Former Employee made verbal allegations of discrimination and other wrongdoing by Keystone, Keystone and the Former Employee entered into a Severance Agreement and Release of All Claims (the "Agreement") in which Keystone agreed to make a severance payment to the Former Employee and provide other financial considerations.

7. At all material times, Keystone was a named insured under a Directors and Officers Liability policy issued by Great American (the "Great American Policy") which included Employment Practices Liability coverage. The Employment Practices Liability coverage of the Great American Policy applied excess of a $75,000 retention and was subject to a $5 million Limit of Liability.

8. Keystone first notified Great American of the Former Employee's verbal allegations and first requested coverage for amounts paid to the Former Employee pursuant to the Agreement on or about March 9, 2023, after the Agreement had already been executed by all parties. Keystone did not notify Great American of the Former Employee's verbal allegations, its intention to make any payment to the Former Employee, or its intention to enter into the Agreement with the Former Employee prior to March 9, 2023.

B.     **RELEVANT POLICY LANGUAGE**

9. The insuring agreement for the Great American Policy's Employment Practices Liability Insurance coverage provides:

> The **Insurer** will pay on behalf of the **Insured**, **Loss** resulting from **Claims** first made during the **Policy Period** or Extended Reporting Period against the **Insured** for which the **Insured** is legally obligated to pay for **Wrongful Employment Acts**.

10. The Great American Policy defines the term **Claim**, for purposes of its Employment Practices Liability coverage, as follows:

> **Claim**, either in singular or plural, means any of the following instituted against an **Insured**:
>
> (1)   a written demand for monetary damages or non-monetary relief;
> (2)   a civil proceeding commenced by the service or a complaint or similar pleading;
> (3)   a criminal proceeding commenced by return of an indictment;
> (4)   an arbitration or mediation proceeding in which monetary damages are sought;
> (5)   a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document; or
> (6)   A written request to toll or waive a statute of limitations, related to a potential **Claim** described in Subsections (1) through (5) above,
>
> for a Wrongful Employment Act including any appeal from such proceeding. Claim shall not include a labor or grievance arbitration pursuant to a collective bargaining agreement.

11. The Great American Policy defines the term **Wrongful Employment Act**, for purposes of its Employment Practices Liability coverage, in pertinent part, as follows:

> **Wrongful Employment Act**, either singular or plural, means any actual or alleged:
>
> (1)   **Wrongful Termination;**
> (2)   **Discrimination;**
> (3)   **Harassment;**
> (4)   **Retaliation;**
> (5)   **Workplace Tort;**
> …

but only if alleged by or on behalf of an **Employee** or a prospective **Employee**, an individual or a group of individuals, or a governmental agency acting on behalf of an **Employee** or prospective **Employee**.

….

12. The Great American Policy's Employment Practices Liability coverage is subject to the following Conditions:

### SECTION VIII – DEFENSE AND SETTLEMENT

A. **NO DUTY TO DEFEND**

…

(2) The **Insured** shall not incur **Defense Costs**, admit liability for, settle, or offer to settle any **Claim** without the **Insurer's** prior written consent, which shall not be unreasonably withheld. The **Insurer** shall be entitled to full information and all particulars it may request in order to reach a decision as to such consent….

(3) The **Insurer** shall have the right but not the duty to associate with the **Insured** in the settlement and defense of any **Claim** that appears reasonably likely to involve the **Insurer**. Such association shall include, but not be limited to, participation in the formation of litigation strategy, review of pleadings and other pertinent papers prior to filing, and participation in the settlement negotiations.

### IV.   CAUSES OF ACTION

13. A real and justiciable controversy exists between Great American and Keystone concerning their respective rights and obligations under the Great American Policy with respect to coverage for Keystone's obligations under the Agreement. Great American seeks a declaratory judgment that it is not required to indemnify Keystone for any amounts it paid or agreed to pay the Former Employee in the Agreement for the reasons set forth below.

### COUNT I - DECLARATORY JUDGMENT

14. Plaintiff Great American incorporates the allegations set forth in paragraphs 1 - 13 above.

15. Great American respectfully asks the Court to declare as a matter of law that:

   a. The Former Employee did not make a **Claim** against Keystone, as defined in and required by the Great American Policy;

   b. Keystone materially breached the Defense and Settlement provisions of the Great American Policy; and

   c. Great American is not required to indemnify Keystone for amounts it paid or agreed to pay to the Former Employee pursuant to the Agreement.

## V. JURY DEMAND

16. Great American demands a trial by jury on all issues so triable.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Great American Security Insurance Company respectfully requests that upon hearing and proper proof the Court enter judgment against Defendant Keystone Bank, SSB as requested herein and for such other and further relief, both special and general, at law or in equity, that it may show itself justly entitled.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON & WISDOM, LLP**

By:   /s/ Kevin L. Sewell
**Kevin L. Sewell**
State Bar No. 00789619
sewell@mdjwlaw.com
**Summer L. Frederick**
State Bar. No. 24067764
frederick@mdjwlaw.com
9111 Cypress Waters Blvd., Suite 250
Dallas, Texas  75019
Telephone: (214) 420-5500
Facsimile: (214) 420-5501

**ATTORNEYS FOR PLAINTIFF
GREAT AMERICAN SECURITY
INSURANCE COMPANY**